IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:08-cv-00535-W

| | |
|---|---|
| AVALON CENTER INVESTMENT COMPANY; CONCORD COMMONS LIMITED PARTNERSHIP; HASTINGS VILLAGE INVESTMENT COMPANY, LP; and LARKEY-WRIGLEY, **Plaintiffs,** vs. COMMERCIAL DEFEASANCE, LLC, and DEFEASANCE HOLDING COMPANY, LLC, **Defendants.** | **ORDER** |

THIS MATTER is before the Court sua sponte following receipt of an email from defense counsel inquiring as to the word limit for class certification motions. Plaintiffs' counsel was copied on the email to the Court. The email noted that Plaintiffs appear to be operating by the word limits in the Local Rules of Civil Procedure, while Defendants were operating under this Court's standing orders.

Pursuant to this Court's standing orders, any dispositive motions, such as a motion for class certification or a response in opposition to a motion for class certification, shall not exceed 9,000 words, and reply memoranda shall not exceed 3,000 words. See Doc. No. 71, p. 7, ¶ 3(c)(ii). Here, Plaintiffs' memorandum in support of its motion for class certification (Doc. No. 82) appears to be within 9,000 words, while their reply memoradum (Doc. No. 93) appears to exceed 3,000 words. Nevertheless, neither document contains a word count certification as required under this Court's standing orders. Instead, Plaintiffs appear to have mistakenly, albeit unintentionally, believed that

Local Rule of Civil Practice 7.1(D) applied, and the documents are certified to be in compliance with that rule.

The Court therefore orders Plaintiffs to file an amended reply brief that conforms to the word limits and contains the requisite word count certification in accordance with the Court's standing orders. Plaintiffs should also file a word count certification for its Memorandum in Support of its Motion for Class Certification (Doc. No. 82). None of the supporting documents for either the motion or reply need to be refiled. Plaintiffs shall have through Friday, April 9, 2010, to submit their filings under this Order.

In conclusion, counsel are always encouraged to contact Chambers directly where there is a question as to the applicability of the Court's standing orders prior to any deadline.

IT IS SO ORDERED.

Signed: April 6, 2010

Frank D. Whitney
United States District Judge