UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:08-cv-00535-FDW-DCK

| | |
|---|---|
| AVALON CENTER INVESTMENT COMPANY; CONCORD COMMONS LIMITED PARTNERSHIP; HASTINGS VILLAGE INVESTMENT COMPANY, LP; and LARKEY-WRIGLEY LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>COMMERCIAL DEFEASANCE, LLC, and DEFEASANCE HOLDING COMPANY, LLC,<br><br>Defendants. | ORDER |

THIS MATTER is before the Court on Plaintiffs Avalon Center Investment, Concord Commons Limited Partnership, Hastings Village Investment Company LP, and Larkey-Wrigley LLC's ("Plaintiffs") Motion to Compel Discovery. (Doc. No. 105). Plaintiffs' Motion requests that six items, which were contained in Plaintiffs' original Request For Production but withheld by Defendants Commercial Defeasance, LLC and Defeasance Holding Company, LLC ("Defendants"), be turned over for discovery. Plaintiffs specifically seek a due diligence report prepared by the Boston Consulting Group ("BCG Report") and "Monetization Programs Related to Float and Residual" (hereinafter referred to as "Monetization Agreement").[1] (Doc. No. 105). At a hearing held on October 5, 2010 to consider this and other matters pending in the above-captioned suit, the Court directed Defendants to turn over the BCG Report and Monetization Agreement for *in camera*

---

[1] The other items Plaintiffs seek were either disposed of at a hearing held on October 5, 2010 or were subsequently turned over by Defendants on their own volition, mooting a need for further consideration by the Court.

review to determine their relevance for discovery. The Court received both items *in camera* via hand-delivery on October 8, 2010. The Court has reviewed both the BCG Report and Monetization Agreement and for the reasons stated in a teleconference with the parties on October 14, 2010 and set forth below, Plaintiffs' Motion is DENIED.

Pursuant to Fed. R. Civ. P. 26(b)(1), discovery is permitted as to "any nonprivileged matter that is relevant to any party's claim or defense." In order to be discoverable, "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Although the rules of discovery are to be construed liberally, see Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947), district courts are afforded broad discretion to grant or deny motions to compel. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995). Defendants, as the party resisting discovery, bear the burden of satisfying the Court that the information either lacks relevance under Rule 26(b)(1) or is of "such marginal relevance that the potential harm occasioned by disclosure would outweigh the ordinary presumption in favor of broad disclosure." Burke v. New York City Police Dept., 115 F.R.D. 220, 224 (S.D.N.Y. 1987).

Plaintiffs argue that the BCG Report is relevant to demonstrate how Defendants were able to earn profit by withholding their ability to capture the float and residual generated by their clients' defeased properties and may lead to evidence that would be admissible under Fed. R. Evid. 406. Defendants, however, admit that they are able to capture the float and residual, and that they withheld that information from Plaintiffs. (Doc. No. 112 at 7-8). The Court need not compel discovery of information that is only relevant to undisputed issues, Qwest Corp. v. City of Portland, 204 F.R.D. 468, 470 (D. Or. 2001), and declines to do so here, particularly where the subject of discovery involves proprietary information of a third-party.

Plaintiffs also seek the Monetization Agreement executed between Defendants and third-parties, arguing that it is relevant to determine damages as it may lead to evidence of Defendants' methodology for calculating the present value of float and residual generated by Plaintiffs' defeased properties prior to the maturation of the loan. (Doc. No. 106 at 9). Defendants concede that some information contained in the Monetization Agreement relates to Plaintiffs and have already turned over that information in redacted form. Letter from Tommy Holderness, Robinson, Bradshaw & Hinson, P.A., to the Court (Oct. 8, 2010) (on file with the Court). Plaintiffs have not satisfied the Court that the additional information contained in the Monetization Agreement that is unrelated to Plaintiffs would reasonably lead to any admissible evidence. Instead, Defendants have carried their burden by demonstrating that the information sought is not relevant as to the issue of damages suffered by Plaintiffs on their remaining unfair or deceptive trade practices claim. Assuming the information sought is relevant, it is only marginally so, even under the liberal discovery standard, and such relevance is outweighed by the potential harm full disclosure of the Monetization Agreement could cause.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel Discovery (Doc. No. 105) is DENIED.

The Court recognizes the need to preserve the information at issue in this Order until final disposition of this matter. Accordingly, it is further ORDERED that Defendants PRESERVE and MAINTAIN the BCG Report and the Monetization Agreement without modification, alteration, or redaction, and in the same condition as presented to this Court for *in camera* review until all proceedings, including any possible appeals, are concluded.

IT IS SO ORDERED.

Signed: October 20, 2010

Frank D. Whitney
United States District Judge